# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Crystal T., | ) | |
| | ) | |
| | ) | Civil Action No.: 9:20-cv-03358-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 20.) The Report addresses Plaintiff Crystal T.'s ("Plaintiff") claim for Supplemental Security Income ("SSI"). (*Id.* at 1.) The Report recommends the court affirm the decision of the Commissioner of Social Security Administration ("Commissioner"). (*Id*. at 1.) For the reasons stated herein, the court **ACCEPTS** the Report, and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-10.) As brief background, on August 13, 2019, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for SSI.[1] (*Id.* at 2.)

The ALJ determined Plaintiff had the severe impairments of "spinal disorders, chronic

---

[1] The ALJ had previously determined that Plaintiff was not disabled under the Act. This court remanded Plaintiff's claim for further administrative proceedings. (ECF No. 20 at 1-2.) This case followed.

1

obstructive pulmonary disease (COPD), obesity, affective disorders, and anxiety." (*Id.* at 5.) The ALJ found Plaintiff had the following RFC:

> "to perform light work as defined in 20 CFR 416.967 (b), except the claimant needs to change positions at least one or two times per hour without leaving the workstation or losing production. The claimant is unable to climb ladders/ropes/scaffolds; is occasionally able to crouch or crawl; and is frequently able to crouch or kneel. The claimant should avoid concentrated exposure to heat, cold, humidity, wetness, respiratory irritants, and hazards. The claimant is able to understand, remember and follow simple instructions and maintain concentration/persistence/pace for two-hour segments to perform simple, routine, repetitive task and instructions and to maintain adequate attention to detailed task for two-hour periods. The claimant is capable of minimal interaction with the public and frequent interaction with co-workers. The claimant should avoid high volume, fast-paced production work and avoid stressful work conditions."

(*Id.*)

Thereafter, the Appeals Council ("the Council") denied Plaintiff's request for review. (ECF No. 13-2 at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. *See Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review).

Plaintiff filed this action on September 23, 2020 (ECF No. 1), and argued that the ALJ's decision should be overturned because the ALJ improperly failed to consider Plaintiff's hypersomnolence, fatigue, and narcolepsy when formulating Plaintiff's RFC. (ECF No. 20 at 6.) In addition, Plaintiff contended the ALJ did not consider Dr. Abbas Mansour's medical source opinion as additional evidence of her limitations. (*Id.*)

After reviewing each argument, the Magistrate Judge issued the Report and suggested the Commissioner's decision be affirmed. (ECF No. 20.)

2

First, the Magistrate Judge noted Plaintiff's hypersomnia and narcolepsy diagnoses appeared sparsely on the record, and were initially mentioned by Dr. Mansour, who later removed them from Plaintiff's medical record and did not list them in his medical source opinion. (*Id*. at 7-8.) Explaining that the record supported the omission, the Magistrate Judge pointed out that Plaintiff stopped treating with Dr. Mansour for her sleep-related symptoms after she "reported 'sustained benefits' from using her CPAP device." (*Id*. at 8.) Pursuant to this circuit's law, "if a symptom can be reasonably controlled by medication or treatment, it is not disabling." (*Id*. (citing *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986).) Accordingly, the Magistrate Judge found that this evidence supported the ALJ's conclusion that Plaintiff's issues with sleep "did not result in 'lasting sequelae,'" (*id*. at 8), and therefore did not need to be considered in the ALJ's RFC determination. Turning to Plaintiff's obstructive sleep apnea diagnosis, the Magistrate Judge found the ALJ had properly considered it as a non-severe impairment at the second step of the evaluation process. (*Id*. at 9.)

Next, the Magistrate Judge concluded the ALJ's RFC determination showed no error. While the record certainly contained contradictory evidence regarding Plaintiff's sleep-related limitations, the Magistrate Judge emphasized that "the duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." (*Id*. (citing *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).) Here, the ALJ had appropriately considered all the functional limitations stemming from Plaintiff's sleep related issues (*id*. at 9), and fatigue (*id*. at 10.) The Magistrate Judge found the RFC determination properly accounted for Plaintiff's daytime somnolence and fatigue by limiting her to light work and simple, routine, repetitive tasks. (*Id*. at 10.) In other words, Dr. Mansour's diagnosis was merely additional evidence that the ALJ needed to weigh in light of the entire record. And considering the entire record, the Magistrate Judge was not persuaded that the

3

ALJ omitted necessary explanations of his conclusions or that his decision was not supported by substantial evidence. (*Id*. at 10.) Therefore, the Magistrate Judge reasoned the ALJ performed an adequate review of the whole record and recommended this court affirm the Commissioner's decision. (*Id.* at 11.)

The parties were apprised of their opportunity to file specific objections to the Report. (*Id*. at 12.) Neither party objected.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was supported by substantial evidence. (ECF No. 20 at 1-12.) To date, Plaintiff has offered no objections. Because the court discerns no clear error on the face of the Report, it adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **AFFIRMED.**

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 13, 2021
Columbia, South Carolina